**No. 56102.**—Gimbel Bros., Inc. v. United States, protest 147184–K (New York).

FORD, Judge: The suit listed above was filed by the plaintiff seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties upon an importation of hats entered at the port of New York. The collector classified the merchandise as "Wearing apparel cotton, Art. Silk and or Rayon, in parts Veiling or net," and levied duty thereon at the rate of 90 percent ad valorem under paragraph 1529 (a) of the Tariff Act of 1930.

Claim is made by the plaintiff that said merchandise is properly dutiable at only 50 percent ad valorem under paragraph 1529 (a) of said act and T. D. 51802, as articles wholly or in part of flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, gimps, and ornaments, but not in part of fringes or lace and not ornamented.

The pertinent part of paragraph 1529 (a), here involved, is as follows:

Laces, lace fabrics, and lace articles, made by hand or on a lace, net, knitting, or braiding machine, and all fabrics and articles made on a lace or net machine, all the foregoing, plain or figured; * * * veils, veilings, * * * all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, * * * 90 per centum ad valorem. * * *

The pertinent part of the above paragraph, as amended by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, is as follows:

Flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, and ornaments; all the foregoing and articles wholly or in part thereof but not in part of lace and not ornamented:

Fringes and articles wholly or in part of fringes (except wearing
apparel)_____ 45% ad val.
  Other_____ 50% ad val.

The facts in this case are not in serious dispute.  Two witnesses testified for the
plaintiff and none for the defendant.  The first witness had been employed in the
millinery department of Saks Fifth Avenue for over 25 years.  She identified all of
the hats on the invoice which were trimmed with veiling and stated that they were
all women's hats, all trimmed with veiling, of different materials, colors, sizes, and
shapes.  She also identified a hat as truly representative of all the hats in question
and this was received in evidence as plaintiff's illustrative exhibit 1.  On cross-
examination, the witness stated that illustrative exhibit 1 was in part of veiling
and that the veiling incidentally trims the hat.

On redirect examination, the witness testified that all of the veiling on the hat
was used as a trimming and that the veiling was not used to form part of the hat;
that such hats were sold with and without the veiling.  In response to questions
by the court, the witness stated that while "the trim which you refer to" was
sewed on the hat, it could be removed if so desired, and the hat would still be a hat.
In response to another question by the court as to whether or not the veiling or
trimming comes down over the face when the hat is worn, the witness replied in
the affirmative.  The witness further stated that "*   *   *   you could use the hat
without wearing a veil and it would still be a hat."

The second witness stated that she was "*   *   *   assistant to the millinery,
fashion advisor," for Saks Fifth Avenue, and prior to that was assistant buyer
in the millinery department of R. H. Macy & Co.  The witness identified illus-
trative exhibit 1 as a woman's hat trimmed with veiling; that all of the veiling
was used to trim the hat and that the veiling was a trimming of the hat; that
such hats are sold by Saks Fifth Avenue both with and without the veiling; that
it was a matter of choice with the buyer.

The witness also identified a hat dealt in by Saks Fifth Avenue as a hat in
which the hat itself is veiling, and this hat was received in evidence as illustrative
exhibit 2.

Q.  Tell me whether there is any veiling on that hat?—A.  Yes, the hat itself
is veiling.

Q.  What?—A.  The hat itself is a veiling hat.

Q.  Is the veiling which you see on that exhibit, used to trim the hat or is it
used in some other fashion?—A.  The veiling in this particular hat is the hat.

The witness further testified that the veiling on illustrative exhibit 1 was not
permanently attached but merely sewn on and could be very easily removed;
that every trimming was permanent but could always be taken off; that illustra-
tive exhibit 1 was sold with and without the veiling; that the only function of the
veiling was to be a trimming on the hat; and that the veiling could be, and fre-
quently was removed in selling the hat.

Counsel for the plaintiff contends in its brief filed herein that the imported hats
are articles in part of trimmings and that the provision for articles in part of
trimmings is more specific than the provision for articles in part of veilings.

We are inclined to agree with plaintiff's contention that the involved hats are
articles in part of trimmings, and we construe plaintiff's contention that "The
provision for articles in part of trimmings is more specific than the provision for
articles in part of veiling," as an admission on the part of plaintiff that the hats
are also in part of veilings.  In any event, the record definitely establishes that
the involved hats are, in fact, in part of veilings.

In *Tiedeman & Sons* v. *United States*, 8 Ct. Cust. Appls. 134, T. D. 37268,
our appellate court gave the following definition of "veilings":

The term "veilings" as used in the tariff act is a designation which signifies a material chiefly or exclusively used for the making of veils. A veil is a piece of cloth or other material, usually thin and light, designed to be worn over the head and face as an ornament or to protect or wholly or partly conceal the face from view. A face, whether of the living or of the dead, which is wholly or partly hidden by a thin or open woven fabric would be commonly and popularly regarded as veiled, and from that it would seem to follow that the textile material which is used to mask or screen the features resting beneath the face panels of caskets would be commonly and popularly regarded as veiling. Unless, therefore, the trade and commerce of the country has given a different meaning to the term "veilings," it would seem that the classification of the collector was correct and that the goods were dutiable as assessed.

After quoting from the testimony, the court then observed:

The testimony of these witnesses shows conclusively, in our opinion, that the merchandise under consideration is veilings in the piece. Evidence to the effect that the double-width goods are known to the trade as slide chiffons is not inconsistent with the idea that they are a class and kind of veilings, and the statement that slide chiffons are excluded from the designation of veilings is wholly deprived of any weight which it might otherwise have by the fact that all the witnesses for the importers were agreed that the double-width goods when split were used as veiling, and that they were always split when used for the face panels of caskets, which, in our opinion, is a veiling use. To exclude the goods from the designation of veiling, it was, by reason of the facts established, incumbent on the importers to prove by a preponderance of credible testimony either that the goods were not chiefly used for veiling or that the term "veilings" in paragraph 358 has a meaning in the trade different from that commonly and popularly assigned to it. That the importers failed to do, and we must therefore find that commercial designation has not been made out and that the goods are veilings in the ordinary acceptation of the term.

In its brief filed herein, counsel for the plaintiff contends that the provision for articles in part of veilings is certainly broader than the provision for articles in part of trimmings. With this contention we cannot agree. In our opinion, the two provisions are similar to a provision for apples and a provision for fruits. The provision for veilings comprehends and embraces only veilings, as defined by our appellate court in the *Tiedeman* case, *supra*, whereas the provision for trimmings comprehends and embraces not only veilings, but literally hundreds of other items. It is, therefore, apparent that the provision for articles in part of veilings is far more specific than the provision for articles in part of trimmings.

The fact that in said paragraph 1529 the Congress provided *eo nomine* not only for trimmings but also for veilings, evidences an intent on its part to classify all articles in part of veilings under that particular classification, even though such veilings might also serve the purpose of trimming or trimmings.

However, should it be held that the involved hats are equally provided for as articles in part of veilings and as articles in part of trimmings, then we would have to invoke that part of paragraph 1559 of the Tariff Act of 1930 which provides that "If two or more rates of duty shall be applicable to any imported article, it shall be subject to duty at the highest of such rates," and hold the hats dutiable at 90 percent ad valorem under paragraph 1529 (a) of the Tariff Act of 1930. It is our view, however, that the provision for articles in part of veilings is much narrower and more specific than the provision for articles in part of trimmings and that the collector's classification was correct.

For the reasons stated all claims of the plaintiff are overruled. Judgment will be rendered accordingly.